[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING DEFENDANT'S MOTION TO DISMISS
The plaintiffs appeal from the action of the defendant commissioner of environmental protection in issuing a permit to the defendant Tallmadge Brothers, Inc., to dredge the waters of the Housatonic River and install pilings off property owned by the plaintiffs on Shore Road in Stratford.
The defendant commissioner of environmental protection moves to dismiss the appeal on the grounds (1) that the court lacks subject matter jurisdiction because the commissioner's action was not taken in a contested case within the meaning of section 4-183 (rev'd. to January 1, 1989); and (2) that the court lacks subject matter jurisdiction because the plaintiffs are not aggrieved by the defendant commissioner's action.
Questions concerning the court's jurisdiction are properly I raised by a motion to dismiss. When the court's jurisdiction over the subject matter is challenged, as in this case, the issue may be raised at any time. Conn. Prac. Bk. 142 et seq. The court's handling of such issues when they arise in administrative appeals may often be done so as to realize economies in judicial, attorney and staff time. When the jurisdictional issues are closely linked to the merits of the appeal itself, for example, or involve factual questions requiring additional CT Page 7087 evidence outside the record, or involve novel or complicated questions of law, it may make sense to hear and consider those issues at the same time as the substance of the appeal is heard. Such a procedure avoids holding multiple extensive hearings and arguments on one case. The court's decision on the issues raised by the motion to dismiss becomes, in effect, part of the decision on the appeal On the other hand, when the jurisdictional issue raised in the motion to dismiss concerns a limited technical question, such as improper or untimely filing or notice of the appeal, for example, the court may determine that the issue is most efficiently resolved prior to 3 full hearing on the merit of the appeal. In all cases, of course, the court's handling of these issues must ensure a thorough hearing and consideration of the jurisdictional questions and must not result in any prejudice to the position of either party.
An examination of the issues raised by the defendant's motion and accompanying brief in this case leads the court to conclude that those issues should be heard and considered at the time when the appeal itself is heard. Aggrievement involves questions of fact, often calling for evidence outside the record, and it is often heard and decided by the court at the time of hearing the appeal itself. See, for example, Nader v. Altermatt, 166 Conn. 43, 53 (1974) and cases cited therein. The question as to the nature of the defendant commissioner's action and whether or not the proceedings constituted a contested case are also questions which may appropriately be resolved in the course of hearing and deciding the appeal itself.
For all of the above reasons, the court defers acting on the defendant's motion at this time. The issues raised by the motion may more properly be heard and considered at the same time as the appeal itself is heard.
Maloney, J.